

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

| | | |
|---|---|---|
| ROSA SERRANO, | § | No. 08-25-00010-CV |
| Appellant, | § | Appeal from the |
| v. | § | 120th District Court |
| INJURY CLINIC, | § | of El Paso County, Texas |
| Appellee. | § | (TC#2024DCV0967) |

## <u>MEMORANDUM OPINION</u>

Appellant Rosa Serrano, proceeding pro se, filed a "Motion for Permission to Appeal Interlocutory Order" (the motion) in which she asks this Court for permission to appeal the denial of a plea to the jurisdiction and requests mandamus relief in the alternative. We conclude that we do not have jurisdiction over the appeal of the interlocutory order, and we deny her request for mandamus relief in the alternative.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The motion identifies a December 17, 2024 interlocutory order (the December 17 order), which she asserts granted a motion to enforce orders and sanctions, and denied her plea to the jurisdiction. In the motion, Serrano cites Texas Civil Practice and Remedies Code § 51.014(a)(8), which permits a governmental unit to appeal from an interlocutory order that grants or denies a plea to the jurisdiction. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). Serrano also asks this Court to grant permission to appeal the order, citing the permissive appeal standard in § 51.014(d),

by asserting that the appeal involves a controlling question of law, the immediate resolution of which would materially advance the ultimate termination of the litigation. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d).

We construed the pleading as a notice of appeal and notified Serrano that there appeared to be no final judgment or appealable order from which she was appealing, and to the extent her pleading sought relief by permissive appeal pursuant to Texas Civil Practice and Remedies Code § 51.014(d), it did not provide a trial court order granting permission to pursue an appeal. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d). The notice cautioned Serrano that her appeal would be submitted to the Court for dismissal unless she showed grounds to continue the appeal no later than January 28, 2025. Serrano sought, and the Court granted, an extension allowing her to submit a response no later than February 3, 2025.

Serrano's response did not address whether her pleading sought relief by permissive appeal. As we understand her filings, Serrano's chief complaints relate to the trial court's jurisdiction; she asserts that the trial court lacks subject-matter jurisdiction and that Injury Medical Clinic, PA (IMC) lacks standing. In her response to our jurisdictional inquiry, Serrano addresses the merits of a denial of her plea to the jurisdiction and complains that the order on enforcement and sanctions is void for lack of subject-matter jurisdiction. She further asserts that this Court has jurisdiction to review the denial of her plea to the jurisdiction by interlocutory appeal. In the alternative, she maintains that we have jurisdiction to review her complaints by mandamus, arguing the December 17 order is void for lack of jurisdiction, leaving her no adequate remedy by appeal.

After her response was filed, the trial court forwarded a copy of the December 17 order to this Court. The December 17 order grants IMC's "Motion to Enforce the Court's Orders on [Appellee's] Motion to Compel and Motion for Sanctions" (IMC's Motion), orders Serrano to

2

produce requested discovery by December 31, 2024, and orders Serrano to pay "$1000.00 or reasonable expenses, including attorney fees, incurred in preparing and presenting this third motion." It does not address a plea to the jurisdiction.

## II. APPELLATE JURISDICTION

Generally, an appeal may be taken only from a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In addition to final judgments, appellate courts have jurisdiction over appeals from interlocutory orders that the Texas Legislature has specified are appealable. *Id.*; *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (listing appealable interlocutory orders). Because the December 17 order is not an appealable interlocutory order authorized by § 51.014, and Serrano's response does not cite to any other statute that authorizes an appeal of an order compelling discovery and assessing sanctions, we conclude we lack jurisdiction over her direct appeal.

## III. MANDAMUS IN THE ALTERNATIVE

To the extent Serrano asks that we consider her appeal as a petition for writ of mandamus in the alternative, we deny the petition. "Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding).

First, the December 17 order requires Serrano to produce requested discovery by December 31, 2024. It is well-settled that mandamus is an appropriate remedy if a discovery order compels production "well outside the bounds of proper discovery." *In re Contract Freighters*, 646 S.W.3d 810, 814 (Tex. 2022) (orig. proceeding), *In re Walmart, Inc.*, 620 S.W.3d 851, 858 (Tex. App.—El

Paso 2021, orig. proceeding).[1] Because Serrano's notice of appeal and subsequent response fail to address the proper scope of discovery or to otherwise allege that compliance with the December 17 order would injure her in some way, she has not shown she is entitled to mandamus relief. *See* Tex. R. App. P. 52.3(h) (requiring "a clear and concise argument for the contentions made").

Second, as to the portion of the December 17 order assessing sanctions, we deny mandamus relief because Serrano has an adequate remedy by appeal. Texas Rule of Civil Procedure 215.1 allows a party to "apply for sanctions or an order compelling discovery . . . [i]f a party fails to serve answers or objections to interrogatories submitted under Rule 197 . . . or [fails] to answer an interrogatory submitted under Rule 197." Tex. R. Civ. P. 215.1(b)(3). If such a motion is granted, Rule 215.1(d) provides that the trial court shall award reasonable attorney fees. Tex. R. Civ. P. 215.1(d). The rule expressly forbids an interlocutory appeal from a court's order compelling discovery and assessing sanctions. Tex. R. Civ. P. 215.1(d) ("Such an order shall be subject to review on appeal from the final judgment."). It appears from the record before us that the December 17 order assessed sanctions pursuant to Rule 215.1, and because Rule 215.1(d) expressly provides for a remedy on an appeal from the final judgment, Serrano is not entitled to mandamus relief.[2]

Third and finally, Serrano complains that the December 17 order is void for lack of subject-matter jurisdiction. Mandamus may lie to address a void order. *See In re Fluid Power Equipment,*

---

[1] For example, there may be no adequate remedy by appeal if the trial court compels production of "patently irrelevant or duplicative documents." *In re Walmart, Inc.*, 620 S.W.3d 851, 858 (Tex. App.—El Paso 2021, orig. proceeding) (quoting *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992)). Likewise, mandamus may be an appropriate remedy when the "burden to comply" is disproportionate to the benefit of production. *Id.*

[2] We are not presented here with a record or argument that indicates the discovery sanctions are so severe that they have the effect of adjudicating the dispute without reaching the merits. *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex. 1991) (orig. proceeding) (providing examples of discovery sanctions—such as striking pleadings, rendering default judgment, or dismissing causes—for which there is no adequate remedy by appeal); *see also* Tex. R. App. P. 52.3(h) (requiring "a clear and concise argument for the contentions made").

*Inc.*, 612 S.W.3d 130, 134 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (reasoning that the issuance of a void order is an abuse of discretion for which mandamus is an appropriate remedy); *Erbs v. Bedard*, 760 S.W.2d 750, 754–55 (Tex. App.—Dallas 1988, no writ., orig. proceeding). However, Serrano has not provided the Court with an adequate record to evaluate her claims. *See* Tex. R. App. P. 52.3 (speaking to, among other things, necessary contents of the petition), 52.7 (record to be filed with petition). "Without a complete record, we are unable to determine whether the trial court clearly abused its discretion." *In re Martinez*, No. 08-24-00023-CV, 2024 WL 1723958, at *2 (Tex. App.—El Paso Apr. 22, 2024, no pet.) (mem. op.); *In re Corpus Christi Liquefaction, LLC*, 588 S.W.3d 275, 278 (Tex. 2019) (orig. proceeding) (emphasizing that "mandamus shall not be dependent upon the determination of any doubtful question of fact") (internal citation omitted).

Accordingly, we deny the petition for writ of mandamus.

## IV.  CONCLUSION

We dismiss the appeal. Tex. R. App. P. 43.2(f).

LISA J. SOTO, Justice

February 28, 2025

Before Palafox and Soto, JJ., and Solis, Judge
Solis, Selena, Judge, sitting by assignment

5